UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYRIC NAJE FERNANDEZ, | § | CIVIL ACTION NO.: |
| Plaintiff | § | |
| | § | |
| Versus | § | |
| | § | SECTION |
| SOPHIE B. WRIGHT CHARTER SCHOOL, | § | |
| JAMES WATSON, SHARON CLARK, and | § | |
| WAYNE HARDY, | § | |
| Defendants | § | MAGISTRATE _____ |

## NOTICE OF REMOVAL

Defendants SOPHIE B. WRIGHT CHARTER SCHOOL, JAMES WATSON, SHARON CLARK, and WAYNE HARDY (collectively referred to as "Defendants"), through their attorneys and with a full reservation of rights, file this Notice under 28 U.S.C. §§ 1331, 1367, 1441, and 1446 to remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Defendants respectfully aver:

1. On April 26, 2019, Plaintiff filed her Verified Petition for Preliminary Injunction, Permanent Injunction, and Petition for Damages alleging federal and state violations for improper disclosures of student personal information, in violation of the Family Educational Rights and Privacy Act (FERPA), 20 USC 1232, et seq.

2. On May 3, 2019 Defendant Sharon Clark was served. The other defendants to this action do not seek to waive service and hereby reserve all rights to object on such grounds.[1]

---

[1] "A defendant's removal to federal court does not waive its right to object to service of process." *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214 n. 15 (5th Cir. 2005) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)) (holding that where the defendant had not been properly served

3. As described below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, because Plaintiff seek damages for substantive and procedural due process violations arising under the Fourteenth Amendment of the United States Constitution.

### REMOVAL IS PROPER UNDER 28 U.S.C. § 1441, AS THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S FERPA CLAIM

4. This suit is an action in which this Court will have original jurisdiction under 28 U.S.C § 1331 over Plaintiffs' claims for violations of due process because such claims arise under federal law, namely, 20 USC 1232, et seq.

5. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim "arises under" federal law when the federal question is presented on the face of the plaintiff's well-pleaded complaint. Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004).

6. In Count 3 of the Complaint, Plaintiff specifically plead they have been damaged because defendants failed to place a confidentiality disclosure within its emails to students concerning their disciplinary information related to vandalism and destruction of property at Sophie B. Wright Charter School, in violation of FERPA notice provisions. See Plaintiffs' Petition, attached hereto as Exhibit 1.

7. This action therefore may properly be removed under 28 U.S.C. §1441, as this court has original jurisdiction over the Plaintiffs claim pursuant to 28 U.S.C. § 1331.

---

before removal, he did not waive objections to service and submit to the court's jurisdiction; however, filing an answer to the complaint in federal court at the same time as the notice of removal constituted a voluntary appearance by defendant).

_____
**Notice of Removal,**

## THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS UNDER 28 U.S.C. § 1367

8. Under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's remaining state law claims for negligence and state privacy violation.

9. In any civil action over which a district court has original jurisdiction, the district court shall have supplemental jurisdiction over "all other claims that are so related" to claims with such original jurisdiction that they form "the same case or controversy." 28 U.S.C. § 1367. Claims form "the same case or controversy" when they arise from a "common nucleus of operative facts." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997) (finding that claims arising out of one centralized event was sufficient to satisfy the "common nucleus of operative facts" test under 28 U.S.C. § 1367).

10. All of Plaintiffs' claims arise out of one event, namely, Defendants' decision to discipline Plaintiff for her participation in what has been called a "senior prank" but was in fact the intentional destruction of public property, which also brought about personal injury to Sophie B. Wright Charter School staff and student. Plaintiff was suspended from school for five (5) days. That suspension was rescinded. Plaintiff files this action because she was not allowed to participate in senior activities, including the Senior Prom, the Senior Picnic, and the Senior Commencement Ceremony. These activities are not constitutionally protected fundamental rights; they are privileged forfeited by bad behavior.

## VENUE IS PROPER UNDER 28 U.S.C. §§ 1441(a) AND 1446(a)

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the place where the State Court Action is pending.

12. This matter is removable under 28 U.S.C. § 1441(a) because it is a "civil action brought in a state court of which the district courts of the United States have original jurisdiction" under 28 U.S.C. § 1331.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL**

13. All Defendants have not yet been properly served with the Complaint, and thus this Notice is timely filed within 30 days of the effective date of service of the initial pleading setting forth Plaintiffs' claims for relief.  As such, this Notice is timely pursuant to 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(a), a copy of the entire State Court Action record, consisting of only the pleading filed by Plaintiffs, which has not yet been effectively served on Defendants is attached as Exhibit 1.

15. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing this Notice of Removal.

16. Undersigned counsel certifies that a Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Civil District Court for the Parish of Orleans, State of Louisiana, in accordance with 28 U.S.C. § 1446(d).  Such notice is attached hereto as Exhibit 2.

17. Undersigned counsel certifies that a copy of this Notice of Removal is being served upon all parties to this action.

18. If any question arises regarding the propriety of removal, Defendants respectfully request that they be provided the opportunity to present a brief and/or oral argument in support of their position that this case is removable.

WHEREFORE, Defendants SOPHIE B. WRIGHT CHARTER SCHOOL, JAMES WATSON, SHARON CLARK, and WAYNE HARDY respectfully give notice that the civil action filed against them by Plaintiff is hereby removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Honorable Court, the United States District Court for the Eastern District of Louisiana, on this the 6th day of May 2019.

Dated:  May 6, 2019                              TRACIE L. WASHINGTON, APLC

 

_____
Tracie L. Washington, Bar No. 25925
3157 Gentilly Boulevard, No. 132
New Orleans, Louisiana  70122
Tel:     504.872.9134
Email:  tracie.washington.esq@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served on the below-listed parties by electronic mail, facsimile, Federal Express, hand delivery, and/or by placing the same in the United States mail, properly addressed, and first class postage prepaid, this 6th day of May 2019:

Dated:  May 6, 2019                                              _____

Tracie L. Washington, Bar No. 25925


Plaintiff through her counsel of record,
M. Ledet Law, LLC
13511 River Road
Luling, Louisiana  70070
F:	985.308.1521
EM:	nledetlaw@gmail.com