UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


LYRIC NAJE FERNANDEZ                             CIVIL ACTION

VERSUS                                           NO. 19-10087

SOPHIE B. WRIGHT CHARTER                         SECTION M (1)
SCHOOL, JAMES WATSON,
SHARON CLARK, *and* WAYNE
HARDY

## ORDER & REASONS

Before the Court is the motion of plaintiff Lyric Naje Fernandez ("Fernandez") to remand[1] the captioned case, which was removed to this Court on May 5, 2019, by defendants Sophie B. Wright Charter School, James Watson, Sharon Clark, and Wayne Hardy (the "Defendants").[2] On May 6, 2019, Defendants filed an amended notice of removal to include Plaintiffs' verified petition.[3] Thereafter, Defendants filed an opposition to the motion to remand.[4] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

### I.  BACKGROUND

This case arises out of Fernandez's involvement in a senior prank at Sophie B. Wright Charter School and the disciplinary actions that followed. The petition filed in the Civil District Court for Orleans Parish alleges the following facts. On April 5, 2019, Fernandez and thirteen other senior high school students at Sophie B. Wright Charter School were charged with participating in "senior prank day." On or about April 8, 2019, Fernandez was given a five-day suspension to commence on April 8, 2019, and end on April 12, 2019. As further punishment,

---

[1] R. Doc. 6.
[2] R. Doc. 1.
[3] R. Doc. 2.
[4] R. Doc. 11.

Fernandez was prohibited from attending senior activities, including prom and graduation on May 13, 2019. On or about April 8, 2019, Principal Sharon L. Clark ("Clark") and Board President James Watson ("Watson") released statements pertaining to the incident. Fernandez was given the option to appeal the infraction and subsequent punishment on or about April 9, 2019, at a meeting with the Dean of Students, Wayne Hardy ("Hardy"), and the attorney for Sophie B. Wright Charter, Tracie Washington. At the April 9, 2019 meeting, Hardy distributed materials describing the appeals process to the students and parents in attendance. Following these instructions, Fernandez filed her appeal on or about April 12, 2019.

On or about April 15, 2019, Fernandez received correspondence sent by Clark and drafted by Hardy that set the disciplinary hearing on April 16, 2019, at the Orleans Parish School Board hearing office. When Fernandez and her parents arrived at the office for her scheduled hearing, they found a note on the office door that rescinded Fernandez's five-day suspension and instructed the Fernandez family to set up a meeting with Hardy to discuss additional punishments. On or about April 18, 2019, Fernandez received an email with an attached letter addressed to her parents. In the letter, Hardy denied Fernandez's request to reconsider the decision to prohibit her from attending graduation activities. The letter also allegedly mentioned two other students by enclosing one's email address and describing disciplinary actions taken against another.[5]

On April 26, 2019, Fernandez filed a verified petition in the Civil District Court for Orleans Parish seeking a preliminary and permanent injunction against Defendants, as well as damages.[6] Fernandez asserts three counts against Defendants. In Count I, Fernandez alleges that she is entitled to an injunction to enjoin Defendants from enforcing the punishments against her, including the prohibition against participation in the graduation ceremony on May 13, 2019, which

---

[5] R. Doc. 6-2 at 27-31.
[6] *Id.* at 27.

Fernandez claims "[n]o amount of monetary recompense can adequately compensate."[7] In Count II, Fernandez seeks judicial review of her punishments as administrative decisions pursuant to La. R.S. 49:964(G).[8] In Count III, Fernandez seeks damages for Defendants' negligence under two theories. First, Fernandez asserts that Defendants were negligent in disclosing students' private information in violation of the Family Educational Rights Privacy Act ("FERPA"), 20 U.S.C. § 1232g; the Louisiana Database Security Breach Notification Law, La. R.S. 51:3071, and the corresponding provisions in the Louisiana Administrative Code; and La. R.S. 17:3914.[9] Second, Fernandez alleges that Defendants were negligent in failing to "properly conduct investigations, hearings, and make its rulings in a fair, impartial, and competent manner, in accordance with its policies and procedures."[10]

On April 26, 2019, the state court scheduled a hearing on the preliminary injunction for Monday, May 6, 2019, at 9:00 a.m.[11] On Friday, May 3, 2019, Defendants Sophie B. Wright Charter School and Clark were served with the petition.[12] On Sunday, May 5, 2019, Defendants filed their notice of removal.[13] Fernandez filed the instant motion to remand the night of May 6, 2019,[14] and the Court expedited submission of the motion to remand for Thursday, May 9, 2019.[15]

In their notice of removal, Defendants cite 28 U.S.C. § 1331 to support purported federal subject-matter jurisdiction over Fernandez's "claims for violations of due process because such

---

[7] *Id.* at 30-33.
[8] *Id.* at 33-34. Although the petition does not specifically cite La. R.S. 49:964(G), the petition states: "Judicial Review is permitted in circumstances such as these pursuant to *Rabb v. State Board of Certified Public Accountants of Louisiana*, 893 So. 2d 904 [(La. App. 2000)]." R. Doc. 6-2 at 34. The court in *Rabb* reviewed an administrative agency's decision under La. R.S. 49:964(G). *Rabb*, 893 So. 2d at 907.
[9] R. Doc. 6-2 at 34-35.
[10] *Id.* at 35-37.
[11] *Id.* at 40.
[12] *Id.* at 42-43. The record does not reflect that Hardy or Watson have been served.
[13] R. Doc. 1. Defendants filed a supplement to their notice of removal on May 6, 2019, to attach the petition but also repeated the same grounds for removal. R. Doc. 2.
[14] R. Doc. 6.
[15] R. Doc. 9.

claims arise under federal law, namely, 20 [U.S.C. §] 1232, et seq.," as alleged in Count III.[16]

## II. THE PENDING MOTION

In support of her motion to remand, Fernandez contends that none of her claims raises any federal questions because they are predicated solely upon Louisiana statutes.[17] Fernandez argues that she does not seek to enforce FERPA or her due process rights under the U.S. Constitution. Rather, Fernandez says that she seeks to enforce state laws that reference federal laws as the standards for adjudging unlawfulness. Fernandez argues that the federal laws cited in her petition are merely alternate theories of liability to support her claims under state law; therefore, her claims are "not *necessarily* federal in character."[18] Fernandez also seeks costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c), characterizing the removal as objectively unreasonable and "a stall tactic" to prevent injunctive relief.[19]

In opposition, Defendants assert that Fernandez's negligence claim requires "a substantial interpretation of FERPA's standing requirements and duty obligations." Therefore, contend Defendants, the resolution of the state-law claim necessarily raises a substantive and disputed question of federal law under *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), which supports federal jurisdiction.[20] Defendants also argue that attorney's fees are inappropriate because they promptly removed the case on an objectively reasonable basis.[21]

---

[16] R. Docs. 1 at 2; 2 at 2.
[17] R. Doc. 6 at 1. Fernandez does not challenge the timeliness of removal. R. Doc. 6-1 at 6.
[18] R. Doc. 6-1 at 6-7.
[19] *Id.* at 9-10.
[20] R. Doc. 11 at 6-7.
[21] *Id.* at 7-8.

4

### III. LAW & ANALYSIS

#### A. Motion to Remand

The federal court's jurisdiction is examined as of the time of removal. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996). A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

Under 28 U.S.C. § 1331, a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule instructs that "[a] federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). Most original-jurisdiction cases arise under federal law where a plaintiff pleads a cause of action created by federal law. However, in "rare" circumstances, original jurisdiction arises in the absence of a pleaded federal cause of action where "the state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314, 319; *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699-701 (2006) (describing

*Grable* original-jurisdiction cases as a "special and small category").

Defendants submit that Fernandez's reliance upon FERPA as the standard of care in her negligence claim creates original jurisdiction under *Grable*. However, Fernandez's petition does not necessarily raise a substantial and disputed federal question. Fernandez cites FERPA, as well as several Louisiana statutes, to illustrate the standard of care in her negligence claim. When deciding whether a federal question is "necessarily raised" by a state-law claim, a court considers whether the federal law comprises the claim itself or merely a theory to support the claim. "If a claim can be supported by alternate and independent theories, one based on state law and the other based on federal law, the federal question is not a necessary element and federal jurisdiction does not attach." *Pastor v. William Jewell Coll.*, 2012 WL 12953769, at *2 (W.D. Mo. May 25, 2012) (quoting *Schmid v. City of Petaluma*, 2012 WL 381203, at *1 (N.D. Cal. Feb. 6, 2012)). Thus, Fernandez invokes FERPA as one theory to support her state-law negligence claim – not as a distinct claim for relief. *See id.* at *2-3 (no original jurisdiction under *Grable* where plaintiff asserted FERPA violation as one theory for breach-of-contract claim); *see also Hall v. Levinson*, 2016 WL 6238518, at *3 (E.D. Cal. Oct. 25, 2016) (no original jurisdiction where "the alleged violation of FERPA is just one of several theories advanced to support both plaintiffs' civil conspiracy and breach of contract claim").

Moreover, where federal law merely sets a standard for a state-law tort claim, the federal question is not substantial. *See, e.g., Moore v. Chesapeake & Ohio Ry.*, 291 U.S. 205, 216-17 (1934) (no federal question where violation of federal standard was element of state tort claim); *Singh*, 538 F.3d at 339-40 (violation of federal law was "only tangentially relevant to an element of a state tort [malpractice] claim") (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986)). In fact, the Supreme Court has cautioned against opening the federal-court floodgates

6

to state-law tort claims solely because federal statutes may be relevant to the determination of negligence. *Id.* at 340 (citing *Grable*, 545 U.S. at 318-19).

Finally, it is notable that FERPA, whether standing alone or through 42 U.S.C. § 1983, does not provide a private cause of action. *See Kirk v. Monroe City Sch. Bd.*, 2018 WL 4292355, at *11 (W.D. La. Aug. 24, 2018) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 276 (2002), and *Tarka v. Franklin*, 891 F.2d 102, 104 (5th Cir. 1989)). The absence of a federal private right of action, "while not dispositive, does weigh heavily in favor of remand in that there is no private right of action under the [federal law] that affords the plaintiffs the same remedy as that available under state law." *Biloxi Freezing & Processing, Inc. v. Miss. Power Co.*, 2016 WL 6808158, at *9 (S.D. Miss. Nov. 17, 2016).

Nor do Fernandez's allegations of due-process violations necessarily raise a substantial and disputed federal question. Count I prays for injunctive relief for due process not afforded to a student as required by La. R.S. 17:416. In Count II, Fernandez seeks judicial review pursuant to La. R.S. 49:964(G), which calls for consideration of an agency's violation of constitutional provisions relevant to an appeal of its decisions. To the extent Fernandez's negligence claim in Count III alleges violations of due process, Fernandez characterizes such violations in terms of both "the Louisiana and United States Constitution."[22] As a result, any violation of federal due process is an alternative theory of negligence to violation rights under the state constitution, and the state-law claim does not necessarily raise a federal question. *See, e.g.*, *Schmid*, 2012 WL 381203, at *2 (federal and state constitutions cited as alternate, independent theories of liability precluded federal jurisdiction). While the due-process rights afforded by the U.S. Constitution may be relevant in determining whether Defendants violated any state laws, as with FERPA,

---

[22] R. Doc. 6-2 at 36.

Fernandez seeks state, rather than federal, remedies. *See Hall*, 2016 WL 6238518, at *3 ("While FERPA is potentially relevant to the resolution of plaintiffs' [state-law] claims, adjudication of these claims does not require interpreting FERPA."). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, as one court has observed in a similar context, "even if the facts alleged in plaintiff's petition could give rise to a claim under § 1983, plaintiff unequivocally stated in her motion to remand that she is proceeding based solely upon … state law claim[s] … and that she did not intend to bring a federal civil rights action. As the 'master of her claim,' plaintiff has chosen to proceed on the exclusive basis of state law, thereby depriving the … Defendants of removal jurisdiction." *Brumfield v. City of Baker*, 2011 WL 5178267, at *3 (M.D. La. Sept. 30, 2011). As the master of her claim, Fernandez has done likewise. In sum, Fernandez's claims for relief do not necessarily raise a substantial and disputed question of federal law.

### B. Attorney's Fees

Fernandez asks the Court to award her costs, expenses, and reasonable attorney's fees under 28 U.S.C. § 1447(c) on the grounds that the May 5, 2019 removal was objectively unreasonable and effectively prevented the preliminary injunction hearing in state court on May 6, 2019. Fernandez contends that this stall tactic wasted judicial resources.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Recognizing that "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources," Congress intended this provision to "deter removals sought for the

8

purposes of prolonging litigation and imposing costs on the opposing party" while still preserving defendants' "right to remove as a general matter." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Accordingly, the Supreme Court instructs that imposition of attorney's fees generally depends upon "the reasonableness of the removal":

> Absent unusual circumstances, courts may award attorney's fees … only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. … When a court exercises discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447.

*Id.* (citations omitted) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Despite a looming preliminary injunction scheduled the day after Defendants filed their notice of removal, the circumstances of the removal here do not warrant the imposition of attorney's fees. Fernandez filed her petition on April 26, 2019, just two weeks in advance of her May 13, 2019 graduation and the date by which injunctive relief must issue, if warranted. On April 29, 2019, the state court set a preliminary injunction hearing for Monday, May 6, 2019. Critically, however, defendants Sophie B. Wright Charter School and Clark were not served with the petition until Friday, May 3, 2019.[23] The record currently reflects that defendants Hardy and Watson have yet to be served. Although it could seem that Defendants filed their notice of removal to delay the preliminary injunction hearing or prevent injunctive relief, Defendants actually filed their notice of removal in as timely a manner as practicable, on Sunday, May 5, 2019. Removal, then, could only be interposed for delay if it was without an objectively reasonable basis. But courts in the Fifth Circuit have considered a petition's reference to a federal statute an objectively reasonable basis for removal. *See, e.g.*, *Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x

---

[23] R. Doc. 6-1 (citing R. Doc. 6-2 at 42-43).

538, 540-41 (5th Cir. 2018) (complaint's references to federal law indicated an objectively reasonable basis for seeking removal); *Klein v. Lewis Title Ins. Co.*, 2017 WL 4156609, at *4 (E.D. La. Sept. 18, 2017) (same) (citing *Brumfield*, 2011 WL 5178267, at *5). As argued by Defendants, the petition alleges violations of FERPA and mentions violations of the U.S. Constitution, albeit in the context of the standard of care for Fernandez's state-law claims. In these circumstances, the Court declines to award costs, expenses, or attorney's fees.

## IV. CONCLUSION

Accordingly, because none of the grounds urged by Defendants supports the removal of the case to this Court,

IT IS ORDERED that Fernandez's motion to remand (R. Doc. 6) is GRANTED insofar as it seeks to remand the case, and the case is hereby REMANDED to the Civil District Court for the Parish of Orleans; and

IT IS FURTHER ORDERED that Fernandez's motion to remand (R. Doc. 6) is DENIED insofar as it seeks costs, expenses, or attorney's fees.

New Orleans, Louisiana, this 9th day of May, 2019.

                                                                        BARRY W. ASHE
                                                                       UNITED STATES DISTRICT JUDGE